UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY P. HERNANDEZ,

        Petitioner,

                                CASE NO. 2:14-CV-12363
v.                                  HONORABLE GEORGE CARAM STEEH

DUNCAN MACLAREN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS PETITION, DENYING THE REQUEST FOR A STAY, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Rodney P. Hernandez ("petitioner"), through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. The petitioner was convicted of two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, one count of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c, and one count of larceny from a person, MICH. COMP. LAWS § 750.357, following a jury trial in the Oakland County Circuit Court in 1997. He was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 40 to 60 years imprisonment on the first-degree criminal sexual conduct convictions, 10 to 20 years imprisonment on the second-degree criminal sexual conduct, and 5 to 20 years imprisonment on the larceny conviction.

In his habeas pleadings, the petitioner challenges the validity of his sentences relying upon Alleyne v. United States, _ U.S. _, 133 S. Ct. 2151 (2013) (ruling that a fact that increases the mandatory minimum for a sentence is an "element" of the crime which must be submitted to the jury). The petitioner has not yet exhausted this claim in the state courts, but seeks a stay because he has filed a successive motion for relief from judgment with the state trial court, which is currently pending.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Id., see also Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. Carson v. Burke, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the habeas petition must be dismissed and the request for a stay must be denied. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II. Discussion

The petitioner was convicted and sentenced in 1997. The Michigan Court of Appeals affirmed his convictions and sentences, People v. Hernandez, No. 204577, 1999 WL 33447029 (Mich. Ct. App. April 16, 1999) (unpublished), and the Michigan Supreme

Court denied leave to appeal in 1999. People v. Hernandez, 461 Mich. 920, 604 N.W.2d 681 (Nov. 29, 1999). The petitioner, through counsel, filed his federal habeas petition on June 17, 2014. His sole claim on habeas review is that his sentences were imposed in violation of his Fifth and Sixth Amendment rights as set forth in Alleyne, supra.

Claims such as the petitioner's arise from the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. In Blakely, the Supreme Court clarified "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303. In Alleyne, the Supreme Court extended Apprendi to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. Alleyne, 133 S. Ct. at 2158 (Thomas J., plurality opinion).

The petitioner's claim for habeas relief is based on Alleyne. The Supreme Court, however, did not make Alleyne retroactively applicable to cases on collateral review, and the United States Court of Appeals for the Sixth Circuit has recently held that *Alleyne* is not retroactively applicable to cases on collateral review. In re Mazzio, No. 13-2350, _ F.3d _, 2014 WL 2853722, *2-3 (6th Cir. June 24, 2014). The Sixth Circuit joins several other federal circuit courts in so ruling. See United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); United States

v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); United States v. Stewart, 540 F. App'x 171, 172 (4th Cir. 2013) (per curiam) (unpublished); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). This Court is bound by the Sixth Circuit's decision in Mazzio. The petitioner thus fails to state a claim upon which habeas relief may be granted in his petition and his case must be dismissed. See Huskey v. Klee, No. 4:14-CV-12381, 2014 WL 3664220 (E.D. Mich. July 23, 2014) (Parker, J.) (summarily dismissing similar habeas petition); Pounds v. Palmer, No. 14-CV-12367, 2014 WL 3385107 (E.D. Mich. July 10, 2014) (Michelson, J.) (same).

### III.   Conclusion

For the reasons stated, the Court concludes that the petitioner is not entitled to federal habeas relief on the claim contained in his petition and his petition must be denied. Given this decision, the Court further finds that a stay is unwarranted.

Before the petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A court may not conduct a full merits review, but must limit its

examination to a threshold inquiry into the underlying merit of the claims. Id. at 336-37. Having conducted the requisite review, the Court concludes that the petitioner has not made a substantial showing of the denial of a constitutional right as to his claim. No certificate of appealability is warranted. Nor should the petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**, that the request for a stay is **DENIED**, that a certificate of appealability is **DENIED**, and that leave to proceed in forma pauperis on appeal is **DENIED**.

Dated: August 1, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 1, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk